# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ROBERTA L. RODRIGUEZ, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-14-286-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

## OPINION AND ORDER

Plaintiff Roberta L. Rodriguez (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 17, 1959 and was 53 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a sewing machine operator and dishwasher. Claimant alleges an inability to work beginning September 15, 2009 due to limitations resulting from bipolar disorder, diabetes, diabetic neuropathy, back and forearm pain, and personality disorder.

**Procedural History**

On January 21, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On November 6, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Deborah L. Rose in Tulsa, Oklahoma. She issued an unfavorable decision on January 4, 2013. The Appeals Council denied review of the ALJ's decision on May 13, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work. At step five, the ALJ also determined Claimant could perform a wide range of work at all exertional levels, with non-exertional limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to

provide a proper analysis at steps four and five; (2) failing to properly evaluate the medical and non-medical source evidence; and (3) failing to perform a proper credibility determination.

**Step Four and Five Evaluation**

In her decision, the ALJ found Claimant suffered from the severe impairments of bipolar disorder, borderline personality disorder, and history of benzodiazapine abuse. (Tr. 20). The ALJ determined Claimant retained the RFC to perform a wide range of work at all exertional levels with the non-exertional limitations of performing simple and some complex tasks, such as that involved in semi-skilled work. She could also only occasionally interact with co-workers and supervisors, but not in a team environment requiring frequent interaction and cooperation. Claimant could have no significant public interaction required to complete job duties. (Tr. 22).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of hand packager, laundry worker, and cleaner, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 25). As a result, the ALJ determined Claimant was not under a disability from September 15, 2009 through the date of the decision. (Tr. 26).

Claimant contends the ALJ did not properly evaluate her

ability to perform her past relevant work at step four of the sequential evaluation. She also asserts that the ALJ improperly evaluated her RFC and, as a result, the hypothetical questions posed to the vocational expert did not include all of Claimant's impairments to engage in basic work activities.

On March 12, 2011, Claimant underwent a consultative mental examination by Dr. Beth Jeffries. She concluded that Claimant

> does have trouble within an occupational setting. She may be able to maintain her moods and work setting for some amount of time, but then will become irritated. She may misunderstand something that has been said to her, perhaps interpret this as criticism and she may lash out or become angry at that person. This would likely make it very difficult for her to be successful in occupational settings or social settings. I think she would have difficult (sic) managing her moods over the course of an 8 hour day and especially over a typical 40 hour work week. With or without treatment, I think her symptomology (sic) is likely to be chronic. I think the faster the pace and the more stressful the environment, the more difficulty she will have managing her symptoms. Although she has the cognitive capability of understanding complex instructions, I think the difficulty is the motivation to actually implement them.

(Tr. 280).

On April 11, 2011, Dr. Kathleen Gerrity completed a Psychiatric Review Technique form on Claimant. She concluded that an RFC assessment was necessary. She diagnosed Claimant with Major Depression, recurrent, severe without psychosis and Bipolar Disorder. (Tr. 291). She also noted Claimant's use of Xanax, cocaine and methamphetamine. (Tr. 296).

6

Under functional limitations, Dr. Gerrity found Claimant had marked restrictions in the area of difficulties in maintaining social functioning and moderate limitations in activities of daily living. (Tr. 298).

Dr. Gerrity also completed a mental RFC assessment. She found Claimant was markedly limited in the functional areas of the ability to understand and remember detailed instructions; ability to carry out detailed instructions; ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; ability to interact appropriately with the general public; and ability to accept instructions and respond appropriately to criticism from supervisors. She also determined Claimant was moderately limited in the ability to work in coordination with or proximity to others without being distracted by them; the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes; ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and the ability to respond appropriately to changes in the work setting. (Tr. 302-03).

In the narrative statement accompanying the assessment, Dr. Gerrity stated that Claimant could perform simple and tasks with

7

routine supervision. She can also superficially interact appropriately with supervisors and co-workers but will experience some distraction because of her negative feelings about others but was still able to concentrate on simple tasks. Dr. Gerrity stated Claimant could not interact with the general public. She would experience irritability in response to workplace changes but with some supervisor attention and preparation, Claimant could adapt. (Tr. 304).

In her decision, the ALJ recognized the findings of Dr. Jeffries. However, she placed considerable reliance upon Dr. Jeffries' finding that Claimant lacked motivation. (Tr. 23-24). The ALJ also appears to adopt many of Dr. Jeffries' findings. Despite this fact, Defendant adopts the position that the ALJ "reasonably discounted the weight attributed to her opinions because they were inconsistent with other evidence of record as a whole." A careful review of the ALJ's decision reveals that no specific level of weight was expressly given to Dr. Jeffries' opinion.

The ALJ must evaluate every medical opinion in the record, and she will consider several factors in deciding the weight that should be given to any medical opinion. <u>Salazar v. Barnhart</u>, 468 F.3d 615, 625-626 (10th Cir. 2006)(citing 20 C.F.R. § 416.927(d)). In evaluating medical opinions, the ALJ must accord each opinion

the proper weight on the basis of: (1) the examining relationship; (2) the treatment relationship; (3) the length of the treatment relationship and the frequency of examinations; (4) the nature and extent of the treatment relationship; (5) how well the opinion is supported; (6) its consistency with other evidence; and (7) whether the opinion is from a specialist. Id. at 626. *See also* Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(d), 416.927(d). The ALJ must give good reasons for the weight assigned to a medical opinion and set forth specific, legitimate reasons for rejecting an opinion of an acceptable treating source. Watkins, 350 F.3d at 1300-1301. The ALJ acknowledged with approval some of Dr. Jeffries' findings but it is not clear which findings she specifically rejected and the basis for doing so. On remand, the ALJ shall expressly state the weight she afforded the opinion of Dr. Jeffries utilizing the Watkins factors to permit this Court to definitively ascertain the basis for the ALJ's assessment.

Claimant also asserts the ALJ failed to formulate proper hypothetical questions to the vocational expert. Since Dr. Jeffries' opinion must be re-evaluated, the RFC will necessarily be reconsidered. On remand, the ALJ should reconsider whether the hypothetical questions should be modified to include additional functional mental limitations as found by Dr. Jeffries.

9

**Evaluation of Medical Opinion Evidence**

Claimant essentially repeats the arguments on evaluating the opinion evidence as made in the prior section. The ALJ stated in the decision that "[s]ignificant weight is also given to the DDS records on mental status." (Tr. 24). The ALJ did not state which specific DDS records or opinions were given this "significant weight," thereby depriving this Court of the evaluative analysis necessary for review. On remand, the ALJ should explain with specificity which records she relies upon for her ultimate decision.

The ALJ also makes reference to a third party function report of a co-inhabitant. (Tr. 21). Claimant contends the ALJ failed to weigh the report. Clearly, the ALJ took the factual statements within the report into consideration and did not expressly discount the report. No error is attributed to this consideration.

**Credibility Determination**

Claimant also contends the ALJ failed to proceed through the required analysis to evaluate her credibility. This Court questions the ALJ's statements after evaluating Dr. Jeffries findings that "[i]n other words, she can perform work activities, but chooses not to." (Tr. 24). It appears the findings in this regard by Dr. Jeffries were made as a part of Claimant's depressive condition. On remand, the ALJ should re-evaluate whether this

10

basis for discounting Claimant's credibility was a matter of Claimant's volition or as a part of her mental impairment.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 28th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE